# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF JOSEPHINE ACHUKO, and <br> BLESSING EKEMEZIE (in her capacity <br> as personal representative) <br> 7814 Attleboro Drive <br> Springfield, VA 22153 <br><br> Plaintiff, <br><br> v. <br><br> UNION STATION REDEVELOPMENT <br> CORP. <br> 750 First Street NE <br> Washington, District of Columbia 20002 <br><br> And <br><br> GREYHOUND LINES INC. <br> 50 Massachusetts Ave NE <br> Washington, DC 20002 <br><br> And <br><br> BOLT BUS INC. <br> 50 Massachusetts Ave NE <br> Washington, DC 20002 <br><br> And <br><br> COLONIAL PARKING INC., <br> 1050 Thomas Jefferson Street NW <br> Suite 100 Washington, DC 20007 <br><br> Defendants. | Case No. _____ |

## COMPLAINT
### (Negligence and Survival Action Case)

The Estate of Josephine Achuko, Blessing Ekemezie in her capacity as personal representative of the Estate of Josephine Achuko, by and through the undersigned counsel, and pursuant to D.C. Official Code §§ 12-101, 12-301 (8) and 16-270 et seq. (2001) and the common law, hereby bring suit against the Defendants and respectfully state as follows:

### JURISDICTION

1. Jurisdiction of this Court is proper pursuant 28 U.S.C. § 1332, as there is complete Diversity between Plaintiff and all the Defendants, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### PARTIES

**Plaintiff**

2. Josephine Achuko, the deceased on whose behalf the Plaintiff, the Estate of Josephine Achuko and Blessing Ekemezie bring this action, suffered injury that gave rise to this action, in the business premises owned and operated by Defendants in the District of Columbia and died before she could bring this action.

**Defendants**

3. Defendant Union Station Redevelopment Corp is the owner of the relevant premises where the deceased suffered her injury, and the owner of the property operated by Greyhound Lines Inc., Bolt Bus Inc., and Colonial Parking Inc. conducted and operated their transportation and parking businesses at Union Station, in the District of Columbia.

4. Defendant Greyhound Lines Inc. conducts and operates its transportation business at the relevant address at Union Station in the District of Columbia.

5.    Defendant Bolt Bus Inc., conducts and operates its transportation business and at the relevant address at Union Station in the District of Columbia.

6.    Defendant Colonial Parking Inc. conducts and operates its parking business at the relevant address at Union Station in the District of Columbia.

## **JURISDICTION**

7.    Jurisdiction of this Court is proper pursuant 28 U.S.C. § 1332, as there is complete Diversity between Plaintiff and all the Defendants, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## **FACTUAL BACKGROUND**

8.    The decedent, Mrs. Josephine Achuko was injured in a fall on November 3, in the parking garage at 30 Massachusetts Avenue NW, Washington, DC 20001, a facility owned by Union Station Redevelopment Corp, leased to the Greyhound Bus Company, and the relevant parking space operated by your insured, Colonial Parking.

9.    The accident occurred when Mrs. Achuko, in a wheelchair was being wheeled by her daughter into Greyhound bus ticketing office to board a bus scheduled to leave from DC to Newark NJ, at about 11:45 a.m., a trip Mrs. Achuko had already paid for.

10.    At the premises, on the day of the accident, there was only one entrance and no smooth wheelchair access ramp for wheelchair users or disabled persons, as required by the Americans with Disabilities Act (ADA). The only available entrance had two horizontal cement plastering with a space gap in between them. Mrs. Achuko fell and injured her head when the wheel of her wheelchair got caught up in the space between the cement plastering on the ground of the parking garage that was used as entrance to Greyhound ticket/check-in and boarding. But for the

gap, and a lack of wheelchair ramp, the wheel of Mrs. Achuko's wheelchair would not have got cut up in the gap, and Mrs. Achuko would not have fallen, and injure her head.

11. Mrs. Achuko did not have any other alternative entrance or option, as what seemed to be an alternative entrance to the ticketing area, was clearly marked "NO ENTRY". Obviously, Defendants failed to maintain the garage in a reasonably safe manner for the benefit of disabled and wheelchair bound customers or invitees to their premises, but instead, they knowingly allowed real hazard to exist, which caused Mrs. Achuko's fall.

12. Knowing that disabled persons used their bus services, and leaving the garage entrance the way it was when Mrs. Achuko fell, without a wheelchair access ramp, which caused Mrs. Achuko to fall, is reckless, and dangerously irresponsible of Defendants and a breach of their duty to Mrs. Achuko as an invitee to their premises. This recklessness is so egregious given the Department of Justice's complaint that Greyhound engaged in a nationwide pattern or practice of violating the ADA, and the ensuing Consent Decree the Department filed that required Greyhound to implement, as resolution of its ADA violations.

13. But for the failure of Colonial Parking Inc., Union Station Redevelopment Corp and Greyhound, to provide a wheelchair access ramp, or a smoothly paved ground for wheelchair access, Mrs. Achuko's wheelchair would not have gotten caught up in the gap, and she would not have fallen and injured herself. She would not have been hospitalized or suffered other consequences that she did, as a result of that fall.

**Injury and Ambulance Services**

14 As a result of Mrs. Achuko's fall, the DC Fire and EMS Department were called and they provided Mrs. Achuko ambulance services, taking her to George Washington University Hospital for treatment and observation.

**Injury and Hospital Treatment**

15    As a result of her fall, Mrs. Achuko was hospitalized for three (3) days, from 11/03/-11/05. As a result of her fall and hospitalization, she suffered, among other things, episodes of unresponsiveness, contusion of her head, and contracted community acquired pneumonia ("CAP") soon after her arrival to the hospital, and after little contact with the healthcare system – being in a hospital. As a result of her fall and hospitalization, Mrs. Achuko incurred medical expenses from The George Washington University Hospital.

16    Not only was Mrs. Achuko injured, she was embarrassed, and emotionally distressed. After her fall, Mrs. Achuko was never the same person she was prior to the fall. The fall was traumatic to her, and had a nightmarish effect on her, that the idea of her ever traveling by herself again, terrified her, and has resulting in her not travelling to see her children, grandchildren, and great grandchildren who reside in other states, outside Virginia where she lived. She frequently visited them travelling by herself, but after her fall, she could no longer do so, because she can only travel when there is someone to accompany her.

**Air fare Ticket Cancellation and Purchase of New Tickets**

17    Mrs. Achuko, who prior to her fall, has always travelled by herself, and was doing so on the date of her accident, to visit her children and grandchildren in New Jersey (who were not travelling to Nigeria for Christmas, as she was), before she travels to Nigeria to celebrate Christmas holidays, and attend a scheduled cultural marriage ceremony of her grandchild before returning to the US. Her daughter was to pick her up at the Greyhound station in New Jersey. As a result of her fall, on 11/03/16, Mrs. Achuko was unable to travel to New Jersey, as she was admitted to hospital for the injury she suffered at the premises of Defendants. As a result of her

fall, Mrs. Achuko missed her Christmas visit with her children and grandchildren in New Jersey, before travelled to Nigeria for Christmas.

18      As a result of her fall, even though she eventually travelled to Nigeria on a later date than she would have but for the fall, she missed Christmas, and the marriage ceremony because she was recuperating after the fall, and had to wait for her son, who then had to travel with her to Nigeria, as she was afraid, and could not travel by herself, as she normally did, by herself. She was only able to travel to Nigeria, on 12/25/16, to arrive Nigeria on 12/26/16, instead of leaving on 12/13/17, and arriving on 12/14/17, as she was originally scheduled to travel.

19      It is common knowledge about air travel and fare, especially to overseas countries, and at the peak of the holiday season, that air fare usually is expensive, and mostly non-refundable because of the seasonal high demand, which made early booking very necessary. Prior to her New Jersey trip which was the reason she was at Greyhound station, Mrs. Achuko had already booked and paid for her round-trip non-refundable ticket to Nigeria, for Christmas. She was scheduled to travel to Nigeria on December 13, 2016, and to return on January 30, 2017.

20.     However, as a result of her fall, she was unable to travel, on that date. The Ethiopian Airline penalized her, and did not refund her a dime, out of the earlier ticket of $1,114.78 (one thousand, one hundred and fourteen dollars and seventy eight cents). Consequently, she had to buy a totally new and more expensive airfare ticket for $1,672.78 (one thousand, six hundred and seventy-two dollars and seventy-eight cents) for another round trip, and her son had to accompany her, and expending more money. Also, because of the fall, Mrs. Achuko was only able to travel to Nigeria, accompanied by her son, on December 25, 2016, arriving Nigeria on December 26.

21.     Furthermore, because of the fall, Mrs. Achuko, did not celebrate Christmas or attend any of the ceremonies for which she planned her trip for in the first place, and she was not able to return on her scheduled date of January 30, 2017, because she was still not fully recovered from the fall, and had to book another flight with British Airways to travel later in February back to the US when she got stronger and able to return to the US.

22.     Mrs. Achuko suffered great inconvenience as a result of her fall, which forced her to travel at a later date than she intended. Even though she later travelled on 12/25/16, because of the serious hamatan weather in Nigeria, all aircrafts were grounded in Lagos, because the dusty hamatan season was at its peak and visibility was dangerously bad for the planes to fly to Mrs. Achuko's town. Mrs. Achuko had to go by road and had to charter a vehicle to take her to her home which cost her N87,000 Nigerian Niara, an equivalent of about $300 dollars.

**Inability to Travel By herself, and Forced Curtailment of her visits with her children, grandchildren, And Great Grandchildren As a Result of her fall on November 3, 2016**

23.     Prior to her fall at your insured's premises on November 3, 2016, Mrs. Achuko travelled to different states in the US, and other countries, where her children, grand and great grandchildren lived, and her home country Nigeria, alone, by herself, and unaccompanied. After her fall, she no longer was able to do so alone – someone had to accompany her. This pained her and caused a lot of emotional distress, as the effects of her fall robbed her of confidence to do the things she used to do, and left her in perpetual state of fear. After her fall, in order for her to return back to the US where she lived, from her trip to Nigeria, her daughter who lives in Nigeria, who was not intending to, or planned to travel to the US, at the time, had to accompany her mother for her return to the US, and then immediately returned back to Nigeria, thereby causing Mrs. Achuko to incur extra and unintended travel expense.

24. As a consequence of her fall and the head injury she suffered, which resulted in her no longer being able to travel by herself, because of fear and lack of confidence, she has been financially burdened, and her freedom to "pack and go" whenever she likes. The effects of the fall on her seriously marginalized her, because in order for her to travel, to see any of her children and grandchildren in a different state in the country, other country, or to travel to Nigeria, one of her children or grandchildren, has to take off from work or their other responsibilities, to accompany her to where she is going and then to bring her back, to her main residence, which entails paying double airfare, train, or bus trip for two instead of one, as the case may be, otherwise, she no longer can travel. This limited her enjoyment of life, as it became too burdensome for her, as she did not want to bother her children, which meant she did not travel, and this continued until she never wanted to travel again, and did not, do so, until her death.

25. Defendants negligence and breach of their duty of care they owed her, caused Mrs. Achuko to incur medical bill, great conscious pain, emotional distress, inconvenienced, and financially burdened. The end result of Mrs. Achuko's fall which was caused by Defendants, beyond her injuries, hospitalization, the trauma, embarrassment, loss of confidence and ability to travel by herself, the pain and suffering, and emotional distress she suffered, is that her freedom to travel and her life's need of enjoyment and quality time with her children, grandchildren, and great grandchildren, was curtailed, and at some point before her death, totally eliminated due to no act of her own, as she no longer was able to travel when she liked or wanted to different parts of the country, other countries, where her loved ones resided which was something that she regularly did, which gave great joy, and enhanced her quality of life prior to her fall on Defendants' property and premises on November 3, 2016.

## COUNT I
### Negligence / Survival Action

26     The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1 to 25 above.

27.    That the Estate of Josephine Achuko is being opened in Virginia, and Blessing Ekemezie is being appointed as Personal Representative of the Estate, as her mother directed.

28.    That Blessing Ekemezie as the Personal Representative of the Estate of Josephine Achuko brings this claim for the conscious pain and suffering and physical injuries, medical expenses, and other damages that the late Mrs. Josephine Achuko experienced and incurred from November 3, 2016, up and until the time of her death on January 29, 2019, as a direct and proximate result of the negligence and breaches of the applicable standard of duty of care owed her by the Defendants, by and through their staff, employees, and construction staff.

WHEREFORE: Blessing Ekemezie, as Personal representative of the Estate of Josephine Achuko, demands judgment in its favor in her claims, in the amount of Five Million Dollars ($5,000,000) for actual and punitive damages and any other damages and penalties allowed under law or statute against the defendants, jointly and severally and for costs, interests, and attorneys' fees, and for such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a Jury Trial against all defendants.

Dated this 4th day of November 2019

                        Respectfully submitted,

                        */s/ Stephen Christopher Swift*
                        Stephen Christopher Swift (DC Bar #428459)
                        Charity C. Emeronye Swift (DC Bar #198209)
                        Swift & Swift, Attorneys at Law, P.L.L.C.
                        2121 Eisenhower Avenue, Suite 200
                        Alexandria, Virginia 22314-4688
                        Telephone: (703) 418-0000
                        Facsimile: (703) 535-8205
                        E-Mail: steve@swift.law.pro
                        charity@swift.law.pro